# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date:

**NO. 31,278**

**LIVING CROSS AMBULANCE SERVICE, INC.**,

Appellant,

v.

**NEW MEXICO PUBLIC REGULATION COMMISSION,
RONALD J. MARTINEZ, Director, New Mexico Transportation
Division, and SUPERIOR AMBULANCE SERVICE, INC.**,

Appellees.

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION
COMMISSION**

Joseph E. Earnest
Santa Fe, NM

for Appellant

Robert Y. Hirasuna
David P. Barton
Santa Fe, NM

Sanchez, Mowrer & Desiderio, P.C.
Frederick M. Mowrer
Santa Fe, NM

for Appellees

## DISPOSITIONAL ORDER OF REVERSAL

{1}     This direct appeal having come before the full Court, with oral argument, and each Justice having read the briefs of the parties and otherwise being fully informed on the issues and applicable law as raised and briefed by the parties; and

{2}     All of the Justices having concurred that there is no reasonable likelihood that a Decision or Opinion would advance the law of the State; and

{3}     Acting within this Court's discretion under Rule 12-405(B)(3) NMRA to dispose of a case by order, decision or memorandum opinion rather than formal opinion because "the issues are answered by statute or rules of court,"

**IT IS THEREFORE ADJUDGED THAT:**

{4}     Living Cross Ambulance Service, Inc. ("Living Cross") appealed a July 10, 2008 letter decision by the New Mexico Public Regulation Commission ("PRC"), granting a reinstatement of authority to Superior Ambulance Service ("Superior")

to operate an ambulance service in Valencia County. Living Cross argued, among other things, that Superior's voluntary suspension of its authority in 2000 resulted in permanent cancellation by abandonment 180 days later, and that the PRC failed to follow notice requirements in re-issuing that authority nearly eight years later. Living Cross asserted that because Superior abandoned its authority, the PRC was required to treat Superior's application as a new application, rather than a reinstatement. The distinction is important: reinstatements require little in the way of notice or other procedures. NMSA 1978, § 65-2A-14(C)(4) (2003). New applications, on the other hand, require a number of notice and hearing procedures which, it is undisputed, were not followed here. *See* 18.3.2.17 NMAC.

{5}     Superior, for its part, contends that its authority was not abandoned but rather was indefinitely suspended, and therefore the PRC acted appropriately in treating its application as a reinstatement even after nearly eight years of no activity as an ambulance provider in Valencia County. The PRC agreed with this position.

{6}     Because it is clear from the plain language of SCC Ambulance & Med. Rescue Serv. Rule 18 NMAC 4.2 § 66 (effective Jan. 1, 1998, Repl. Dec. 30, 2002) ("Section 66"), in force at the time in question, that Superior's authority was abandoned 180 days after its voluntary suspension in 2000, the PRC should have

3

treated Superior's license as abandoned when the agency reviewed Superior's reinstatement application in 2008.

{7}     Under Section 66, the PRC was required to find that an endorsement had been abandoned if it had not been used for a period of 180 days and one of the following were true of the company which held the endorsement:

> (1) it is unable to operate;
> (2) it has refused to accept business;
> (3) it has not complied with a proper order of the Commission; or
> (4) it has failed to apply for and receive authorization from the Commission for voluntary suspension in accordance with these rules.

{8}     Since it is undisputed that Superior ceased Valencia County operations in 2000 and never resumed them, both (1) and (2) apply here. It is also not disputed that the 180-day period expired, although Superior argues that this does not necessarily mean the endorsement was cancelled or abandoned. Superior argues unpersuasively and without support in the case law that the current statutory scheme, and not the scheme in place at the time, should govern. If that were true, the 180-day rule would not apply. But Superior cites no case law, and we find none, supporting the proposition that the current rules should apply to events eight years ago, well before the current rule existed. Superior further argues that in order for

4

abandonment to occur, the PRC was required to make some sort of affirmative conclusion of abandonment. There is no support for this argument in the plain text of Section 66, or elsewhere.

{9} Because the PRC Administrative Code provisions in place at the time make clear that Superior's endorsement was abandoned in or around the year 2000, the PRC should not, and in fact *could* not, have treated Superior's 2008 application as a reinstatement. Therefore, we reverse the decision of the PRC granting Superior reinstatement of authority to operate an ambulance service in Valencia County. We remand to the PRC for it to consider Superior's application according to the rules and regulations applicable to new applications for a license to do business in Valencia County.

**{10}    IT IS SO ORDERED.**

_____

**EDWARD L. CHÁVEZ, Chief Justice**


_____

**PATRICIO M. SERNA, Justice**


_____

**PETRA JIMENEZ MAES, Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

**CHARLES W. DANIELS, Justice**